IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bradon Lav'ar Johnson, ) | C/A No. 0:15-1388-RMG-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Edsel T. Taylor, *Warden*, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner Bradon Lav'ar Johnson, a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 19.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Johnson was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 20.) Johnson filed a response in opposition to the respondent's motion. (ECF No. 23.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion for summary judgment should be granted and Johnson's Petition denied.

**BACKGROUND**

Johnson was indicted in October 2009 in Charleston County for first degree burglary (09-GS-10-7529).[1] (App. at 67-68, ECF No. 20-1 at 69-70.) Johnson was represented by Martha Dicus,

---

[1] Johnson was also charged with attempted murder; however, this charge was not presented to the grand jury. (App. at 70, ECF No. 20-1 at 72.)



Esquire, and Jason King, Esquire, and on April 28, 2011 entered an Alford[2] plea to the charge of first degree burglary as well as the lesser offense of assault and battery in the first degree. (App. at 1-10, ECF No. 20-1 at 3-12.)  The circuit court sentenced Johnson to fifteen years' imprisonment for burglary and ten years' imprisonment for assault and battery, both sentences to be served concurrently. (App. at 9, ECF No. 20-1 at 11.) Johnson did not appeal his plea or sentence.

Johnson filed a *pro se* application for post-conviction relief ("PCR") on October 12, 2011 in which he raised the following claims:

(a) Trial counsel did not represent me properly[;]

(b) Counsel did not advise me of my right to Appeal[;]

(c) Did not cross-examin[e] the witness properly[.]

(See Johnson v. State of South Carolina, 11-CP-10-7418; App. at 11-16, ECF No. 20-1 at 13-18) (errors in original).  The State filed a return. (App. at 18-22, ECF No. 20-1 at 20-24.) On May 24, 2012, the PCR court held an evidentiary hearing at which Johnson appeared and testified and was represented by William Bobo, Jr., Esquire and Cal Davis, Esquire. By order filed June 22, 2012, the PCR court denied and dismissed with prejudice Johnson's PCR application. (App. at 60-66, ECF No. 20-1 at 62-68.)

---

[2] North Carolina v. Alford, 400 U.S. 25 (1970). "An Alford plea is an arrangement in which a defendant maintains his innocence but pleads guilty for reasons of self-interest." United States v. Taylor, 659 F.3d 339, 347 (4th Cir. 2011) (citing Alford, 400 U.S. at 37).



On appeal, Johnson was represented by Benjamin John Tripp, Esquire, of the South Carolina Commission on Indigent Defense, who filed a <u>Johnson</u>[3] petition for a writ of certiorari that presented the following issue:

> Did the PCR court err in denying Petitioner's claim for ineffective assistance of plea counsel where the court did not make a finding as to whether Petitioner's plea was knowing and intelligent in light of plea counsel's alleged omissions, but instead denied the claim because Petitioner failed to show additional evidence or defenses that plea counsel could have discovered had she more fully prepared?

(ECF No. 20-2.)  Johnson filed a *pro se* response to the <u>Johnson</u> petition.  (ECF No. 20-4.)  On February 25, 2015, the South Carolina Court of Appeals issued an order denying Johnson's petition for a writ of certiorari.  (ECF No. 20-5.)  The remittitur was issued on March 17, 2015.  (ECF No. 20-6.)  This action followed.

## FEDERAL HABEAS ISSUES

Johnson's federal Petition for a writ of habeas corpus raises the following issues:

**Ground One:**  Petitioner Brandon Lavar Johnson is Entitled to Appeal His Guilty Plea.

**Ground Two:**  State of South Carolina Lacked Sufficient Evidence to Indictment on Attempt. Murder.

**Ground Three:**  Counsel was Ineffective for Negating to Demonstrate Elements of Petitioners offense was Burglary 2nd Degree.

**Ground Four:**  Denied Right to Due Process of Law and/or Equal Protection for Illegal Sentence on Attempted Murder Indictment.

---

[3] <u>Johnson v. State</u>, 364 S.E.2d 201 (S.C. 1988) (applying the factors in <u>Anders v. California</u>, 386 U.S. 738 (1967), to post-conviction appeals).  <u>Anders</u> requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited.  <u>Anders</u>, 386 U.S. at 744.



(Pet., ECF No. 1) (errors in original).

## DISCUSSION

A.   **Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a

PJG

petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (describing an "unreasonable application" as "objectively unreasonable, not merely wrong" and that "even clear error will not suffice") (internal quotation marks and citation omitted); Harrington v. Richter, 562 U.S. 86, 100 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).



"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 562 U.S. at 101 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)); see also White, 134 S. Ct. at 1702 (stating that " '[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement' ") (alteration in original) (quoting Harrington, 562 U.S. at 103). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Harrington, 562 U.S. at 101. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 98 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 102. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. at 102-03 (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

**C.     Exhaustion Requirements**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks and citation omitted). Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d 437; see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.



**D.     Summary Judgment Motion**

    **1.     Ground One: Right to Direct Appeal**

Johnson first alleges that "he is entitled to appeal his guilty plea." (Pet., ECF No. 1 at 5.) The respondent contends that Ground One is not cognizable because it fails to state a claim based on federal law. (Respt.'s Mem. Supp. Summ. J., ECF No. 20 at 12.) The court agrees.

There exists no constitutional right to direct appeal. See Abney v. United States, 431 U.S. 651, 656, 97 (1977). However, individual states have created mechanisms for both direct appeal and state post-conviction review. Under South Carolina law, strict guidelines govern direct appeal. See SCACR 203 (b)(2) (a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment). Here, Johnson failed to timely seek a direct appeal. Johnson's Ground One assertion that he is entitled to appeal his guilty plea is not cognizable on federal habeas review. "[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts," Wilson v. Corcoran, 562 U.S. 1, 4 (2010) (emphasis in original), and "it is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); see also Pulley v. Harris, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law.").

Further, as noted by the respondent, Johnson alleged that counsel failed to advise him of the right to appeal; however, the PCR court denied the claim, finding Johnson failed to meet his burden of proving plea counsel was ineffective for failing to discuss the appeal of his guilty plea. (ECF No. 20-1 at 67.) To the extent that Johnson's Ground One can be liberally construed to assert that he was

denied effective assistance of counsel because his plea counsel did not explain appellate procedure or his appellate rights to him, the claim is without merit for the reasons discussed below.

A defendant has a constitutional right to the effective assistance of counsel. To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims"). To satisfy the first prong of Strickland, a petitioner must show that plea counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. However, to prevail on a claim of ineffective assistance of counsel in connection with a guilty plea, the Strickland test is "some what different." Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000). To establish the prejudice prong of the Strickland test, a habeas petitioner who pleaded guilty must show " 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' " Id. (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)) (discussing the Strickland v. Washington standard to establish ineffectiveness of counsel in the context of a guilty plea).

The United States Supreme Court has cautioned federal habeas courts to "guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d)." Harrington, 562 U.S. at 105. The Court observed that while " '[s]urmounting Strickland's high bar



is never an easy task[,]' . . . [e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Id. (quoting Padilla v. Kentucky, 559 U.S. 356, 371 (2010)). The Court instructed that the standards created under Strickland and § 2254(d) are both " 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Id. (citations omitted). Thus, when a federal habeas court reviews a state court's determination regarding an ineffective assistance of counsel claim, "[t]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

The Supreme Court has held that a decision containing a reasoned explanation is not required from the state court. As stated above, if no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. In the case at bar, this court has the benefit of the PCR court's written opinion, certiorari review of which was denied by the South Carolina Court of Appeals, which may provide reasons or theories that the appellate court could have relied upon in summarily denying Johnson's petition. Therefore, the court turns to the question whether the PCR court's order unreasonably misapplied federal law or was based on an unreasonable determination of the facts. Having reviewed the PCR court's order pursuant to the § 2254 standard, the court finds for the reasons that follow that the state court did not unreasonably misapply the Strickland test in determining that no Sixth Amendment violation occurred.

At the PCR hearing, Johnson testified that plea counsel failed to advise him that he could appeal his plea. (ECF No. 20-1 at 31.) Johnson further testified that although he did not discuss appealing his guilty plea with plea counsel after he pled guilty, and he did not specifically ask her



to appeal the plea, he did write a letter to plea counsel stating he would like to appeal. (Id. at 40.) Plea counsel testified at the PCR hearing that although she could not specifically recall informing Johnson of his right to appeal, it would have been best practice to tell him that he had the right. (ECF No. 20-1 at 58.) Plea counsel also indicated at the PCR hearing that she made Johnson aware of his right to appeal in her trial debriefing letter. (Id. at 49.) When asked whether Johnson indicated his desire to appeal, counsel responded, "I don't remember [Johnson] asking me. . . . I found one letter from [Johnson] that he wrote after he went to prison. A very sweet, polite letter, very nice-talking. In it he asked me about PCR but he doesn't say anything about appeal. It was two months lat[]er, so we would have been out of appeal time." (Id. at 49-50.)

A constitutionally imposed duty to consult with a defendant about an appeal exists "when there is reason to think either (1) that a rational defendant would want to appeal [for example, because there are nonfrivolous grounds for appeal], or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000). In making this determination, courts must take into account all the information counsel knew or should have known. Id. If a defendant successfully proves that his counsel's performance was unreasonable, to establish the requisite prejudice the "defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Id. at 484.

As an initial matter, the PCR court found Johnson's PCR testimony not credible while finding plea counsel's testimony credible. (ECF No. 20-1 at 66.) This court "must be 'especially' deferential to the state PCR court's findings on witness credibility, and [the court] will not overturn the [PCR] court's credibility judgments unless its error is 'stark and clear.' " See Elmore v. Ozmint,



661 F.3d 783, 850 (4th Cir. 2011) (quoting Sharpe v. Bell, 593 F.3d 372, 378 (4th Cir. 2010) and Cagle v. Branker, 520 F.3d 320, 324 (4th Cir. 2008)). In the instant Petition, Johnson does not assert any challenges to the PCR court's credibility determinations. Applying the test set forth in Flores-Ortega, 528 U.S. at 480, the PCR court rejected Johnson's application for post-conviction relief on this ground. (ECF No. 20-1 at 67.) The PCR court explained that plea counsel testified that Johnson never asked her to file an appeal, that plea counsel did not believe there were any issues to raise on appeal, and there were no extraordinary circumstances present requiring plea counsel to advise Johnson of his right to appeal. (Id.)

The court finds that Johnson cannot demonstrate that the PCR court unreasonably misapplied clearly established federal law in rejecting this claim, or that the PCR court made objectively unreasonable factual findings. In line with Flores-Ortega, the PCR court reasonably concluded that plea counsel did not have a constitutionally imposed duty to consult with Johnson about an appeal because plea counsel did not believe there existed nonfrivolous grounds for appeal, nor did Johnson reasonably demonstrate to plea counsel that he was interested in appealing. See Flores-Ortega, 528 U.S. at 480. A review of the guilty plea transcript and the testimony at the PCR hearing reveals that the PCR court's denial was fully supported by the record and was reasonable and therefore, it is entitled to deference here. Accordingly, the court finds that the respondent's motion for summary judgment should be granted as to Ground One.

### 2.     Grounds Two and Four:  Murder Indictment

In Ground Two, Johnson argues that the state of South Carolina lacked sufficient evidence to indict him on attempted murder. (Pet., ECF No. 1 at 7.) In Ground Four, Johnson asserts that he was denied his rights to due process and equal protection for the illegal sentence on the attempted



murder indictment. (Pet., ECF No. 1 at 10.) In the attachments supporting his petition, Johnson further asserts that counsel was ineffective for failing to conduct a thorough investigation of the attempted murder offense. (Pet., ECF No. 1-2 at 1-6.)

The record shows that Johnson was not convicted of, nor did he plead guilty to, a charge of attempted murder. Rather, Johnson accepted a plea deal which included a plea to assault and battery in the first degree. (See ECF No. 20-1 at 3-12.) Therefore, Johnson's challenge to the underlying factual allegations of the attempted murder charge is moot. Moreover, Johnson pled guilty to assault and battery with intent to kill, thus waiving any attack on the factual basis of the plea under state law. See Cureton v. Rushton, C/A No. 4:06-1683-RBH, 2007 WL 528054, at *15 (D.S.C. Feb.14, 2007) ("A guilty plea waives nearly all non-jurisdictional claims with the exception of ineffective assistance of defense counsel and the voluntariness of the plea.") (citing Johnson v. Catoe, 520 S.E.2d 617, 619 (S.C. 1999); Gibson v. State, 514 S.E.2d 320, 324 (S.C. 1999)); see also Tollett v. Henderson, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel [was incompetent].").

To the extent Johnson asserts that counsel was ineffective in failing to conduct a full or thorough investigation into the attempted murder offense (ECF No. 1-2 at 1), his claim cannot succeed. As summarized by the PCR court, Johnson and plea counsel testified at the PCR hearing as follows:

> The Applicant [Johnson] stated that he was not presented with all the facts surrounding the attempted murder charges against him. He also testified that plea



> counsel told him that the plea deal was a good offer and that he was not receiving any additional time for the first degree assault and battery charge. The Applicant testified that plea counsel should have checked into his alibi witness. The Applicant testified that if plea counsel had been given additional time to investigate the attempted murder charge, she would have discovered witnesses saying he was not present at the time the attempted murder was committed.
> . . . .
> Plea counsel testified that at the time of the plea she had not investigated the attempted murder charge as thoroughly as she had investigated the first degree burglary charge because she was focused on preparing for the upcoming first degree burglary trial. Plea counsel testified that she knew the basic outline of the attempted murder case and the state's evidence against the Applicant. She also testified that she never spoke to the victim of the attempted murder, but knew from discovery materials that the victim was unwilling to name the shooter. Plea counsel testified that when the Solicitor offered the package deal of the minimum sentence for the first degree burglary and no additional time for a plea to first degree assault and battery, she expressed her desire to have the Applicant plea only to first degree burglary. She testified that the Solicitor characterized the deal as a "take it or leave it" offer and that if the Applicant pled only to first degree burglary they would pursue the attempted murder charge and life without possibility of parole eligibility. Plea counsel testified that she thought the plea offer was good deal for her client and that she advised her client to take the offer. She testified that after discussing the plea with the Applicant, they decided it was a strategic decision to take the plea offer and cut the Applicant's losses.
>
> Plea counsel testified that the Applicant probably told her about the alibi witness, but because of the upcoming trial for first degree burglary she probably had not gotten around to investigating the potential witness. She testified that if she is told of the existence of a witness, it is her general practice to look into it. Plea counsel did not recall an alibi witness contacting her and had no indication of such in her file.

(App. at 62-64, ECF No. 20-1 at 64-65.) The PCR court found that Johnson failed to meet his burden of proving plea counsel was ineffective for failing to investigate further the attempted murder charge against him before encouraging him to plead guilty to first degree assault and battery because Johnson failed to present any evidence demonstrating what counsel would have discovered had counsel had more time to investigate. (Id.)



As referenced above, in denying and dismissing Johnson's application, the PCR court stated that Johnson's testimony was not credible and plea counsel's testimony was credible. (ECF No. 20-1 at 66.) Johnson's response in opposition to the respondent's motion does not challenge the PCR court's credibility determination and Johnson does not provide any information to clearly show that the credibility determination in the PCR court's order is without support. See Elmore, 661 F.3d at 850. Plea counsel stated at the PCR hearing that the solicitor offered the plea in the middle of the burglary trial. (ECF No. 20-1 at 44.) Plea counsel explained that Johnson had confessed on the burglary case, and the solicitor's offer included a package deal, a "take it or leave it" deal, which included a minimum sentence for the first degree burglary charge (fifteen years' imprisonment) and no additional time for a plea to first degree assault and battery (ten years' imprisonment, to run concurrently). (ECF No. 20-1 at 44-45.) Further, plea counsel stated that if Johnson pled only to the first degree burglary charge, or if he lost his burglary trial, the solicitor stated he would pursue the attempted murder charge and the solicitor was prepared to seek a sentence of life without the possibility of parole. (Id.)

The record in this case shows plea counsel's advice to accept the solicitor's plea offer of fifteen years' imprisonment was not only "within the range of competence demanded of attorneys in criminal cases," but for Johnson was a decent deal since he was facing a potential for life in prison. Pinholster, 563 U.S. at 191 (the deficient performance inquiry "begin[s] with the premise that 'under the circumstances, the challenged action[s] might be considered sound trial strategy.' ") (quoting Strickland, 466 U.S. at 689). Upon careful review of the record, with specific reference to the plea transcript, the PCR hearing transcript, and the PCR court's order, for all of the reasons discussed by the PCR court, the court concludes that Johnson has failed to establish that plea



counsel's actions were error, much less that they were objectively unreasonable such that it rendered her performance deficient. Johnson's arguments fail to demonstrate that any of the PCR court's findings were unreasonable nor have they shown that the PCR court's analysis of these issues misapplied clearly established federal law or, even if there was an error, that it was unreasonable. See Williams, 529 U.S. at 410; see also Harrington, 562 U.S. at 101.

For the reasons discussed herein, the respondent's motion for summary judgment should be granted as to Ground Two and Ground Four.

**3.     Ground Three**

In Ground Three, Johnson argues that counsel was "ineffective for negating to demonstrate elements of Petitioner's offense was burglary 2nd degree." (Pet., ECF No. 1 at 8.) Specifically, Johnson contends that counsel was ineffective for failing to move to reduce the charge of burglary first degree to burglary second degree. (Pet., ECF No. 1-2 at 1-3.)

This issue was not presented and ruled on in Johnson's state court proceedings. Accordingly, this claim was not fairly presented to the South Carolina appellate courts and is procedurally barred from federal habeas review. See Coleman, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review); Picard v. Connor, 404 U.S. 270, 275-76 (1971) (stating that to exhaust state remedies, a petitioner's "federal claim must be fairly presented to the state courts" to give the state courts "the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding"). Moreover, this claim would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules if Johnson attempted to raise it now. See Lawrence, 517 F.3d at 714; Longworth, 377 F.3d 437; see also Coleman, 501 U.S. 722.



Thus, this claim is not properly exhausted and is procedurally barred unless Johnson can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice," which he has not alleged. See Coleman, 501 U.S. at 750.

Further, the court agrees with the respondent that, even if the default could be avoided, habeas relief is not warranted. (See Rept.'s Mem. Supp. Summ. J., ECF No. 20 at 17-19.)

"It is beyond dispute that a guilty plea must be both knowing and voluntary." Parke v. Raley, 506 U.S. 20, 28-29 (1992); see also Boykin v. Alabama, 395 U.S. 238, 242 (1969). "Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." Brady v. United States, 397 U.S. 742, 748 (1970). The key analysis in reviewing a plea for voluntariness is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." Raley, 506 U.S. at 29 (quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel" was incompetent. Tollett, 411 U.S. at 267.

To be entitled to relief on an ineffective assistance claim, Johnson must show that (1) trial counsel's performance fell below an objective standard of reasonableness, and (2) a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. As referenced above, "[i]n the context of a guilty plea, [Johnson] must



demonstrate that his trial counsel's performance fell below an objective standard of reasonableness and 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' " Burket, 208 F.3d at 189 (quoting Hill, 474 U.S. at 59. Moreover, the United States Supreme Court has cautioned that review of ineffective assistance of counsel claims where the charges resulted in a guilty plea require particular deference to counsel's performance given the uncertainties inherent in the process:

> Hindsight and second guesses are also inappropriate, and often more so, where a plea has been entered without a full trial . . . . The added uncertainty that results when there is no extended, formal record and no actual history to show how the charges have played out at trial works against the party alleging inadequate assistance. Counsel, too, faced that uncertainty. There is a most substantial burden on the claimant to show ineffective assistance."

Premo v. Moore, 562 U.S. 115, 132 (2011).

Here, Johnson received the plea offer during his burglary trial. (ECF No. 20-1 at 43.) Plea counsel testified at the PCR hearing that she met with Johnson ten times between his arrest and the burglary trial. (Id. at 53.) Plea counsel also testified at the PCR hearing that she discussed with Johnson the elements of burglary in the first degree, and his version of the events. (Id. at 54.) Further, plea counsel testified that she was concerned over the fact that Johnson had confessed, a "confession [that] admit[ted] to burg first." (Id.) Plea counsel testified that she was further concerned that if they lost the burglary trial, the solicitor stated he would turn around and try Johnson on attempted murder and seek life without parole. (Id. at 44.)

After a careful review of the record, the court cannot find that counsel was deficient, nor incompetent, in her representation. It is clear from the record that counsel adequately prepared for the burglary trial and discussed the elements of the burglary in the first degree and the facts of the case with Johnson. Advising Johnson to accept the plea in light of his confession, where the plea



offered a package deal which included a minimum sentence on the burglary charge and no additional time on assault and battery, was reasonable. Johnson has not set forth any evidence to demonstrate that counsel was deficient in respect to the plea. Consequently, the court finds that the respondent's motion for summary judgment should be granted on Ground Three.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment (ECF No. 19) be granted and Johnson's Petition denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 25, 2016
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).