IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brandon Lav'ar Johnson, ) | |
| ) | No.: 0:15-cv-1388-RMG |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| Edsel T. Taylor, *Warden*, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 26), recommending that Respondent's Motion for Summary Judgment (Dkt. No. 19) be granted and the habeas petition be dismissed. For the reasons stated below, the Court **ADOPTS** the R & R, **GRANTS** Respondent's Motion for Summary Judgment, and **DISMISSES** the habeas petition.

**I. Background**

In October 2009, a Charleston County Grand Jury indicted Petitioner for first degree burglary. On April 28, 2011, Petitioner entered an *Alford* plea to the charge of first degree burglary as well as assault and battery in the first degree. (Dkt. No. 20-1 at 3–12). He was sentenced to fifteen years' imprisonment for the burglary charge and ten years' imprisonment for assault and battery, to run concurrently. (Dkt. No. 20-1 at 11). Petitioner did not appeal his plea or sentence.

On October 12, 2011, Petitioner filed a *pro se* application for post-conviction relief (PCR) raising claims of ineffective assistance of plea counsel. An evidentiary hearing took place on September May 24, 2012, and the PCR court dismissed Petitioner's application with prejudice on June 22, 2012. (Dkt. No. 20-1 at 62–68).

1

Petitioner timely filed a notice of appeal, and his appellate counsel filed a *Johnson* petition for writ of certiorari in the South Carolina Supreme Court. The petition raised the following issue:

> Did the PCR court err in denying Petitioner's claim for ineffective assistance of plea counsel where the court did not make a finding as to whether Petitioner's plea was knowing and intelligent in light of plea counsel's alleged omissions, but instead denied the claim because Petitioner failed to show additional evidence or defenses that plea counsel could have discovered had she more fully prepared?

(Dkt. No. 20-2). Petitioner also filed a *pro se* response to the *Johnson* petition. (Dkt. No. 20-4). On February 25, 2015, the South Carolina Supreme Court filed an order denying certiorari and granting PCR counsel's petition to be relieved (Dkt. No. 20-5). The South Carolina Court of Appeals remitted the matter on March 17, 2015. (Dkt. No. 18-10).

Petitioner filed this Petition for Writ of Habeas Corpus on March 27, 2015. (Dkt. No. 1). Petitioner raises four grounds for relief: (1) that he is entitled to appeal his guilty plea, (2) that the State lacked sufficient evidence to indict him on attempted murder, (3) that counsel was ineffective for "Negating to Demonstrate Elements of Petitioners offense was Burglary 2nd Degree," and (4) that he that he was denied due process of law and/or equal protection for the "Illegal Sentence on Attempted Murder Indictment." (Dkt. No. 1).

The Magistrate Judge found that none of the Petitioner's grounds satisfied § 2254(d)'s standards and that all of the grounds lacked merit. (Dkt. No. 26). Petitioner subsequently filed objections (Dkt. No. 29).

## II. Legal Standard

### A. Report & Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the

2

Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a *de novo* determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

As to portions of the R & R to which no specific objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

## B. Federal Habeas Review

Petitioner's claims are governed by 28 U.S.C. § 2254(d), which provides that his petition cannot be granted unless the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Importantly, "a determination of a factual issue made by a State court shall be presumed to be correct," and Petitioner has "the

burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**C. Habeas Review of Ineffective Assistance of Counsel**

Where allegations of ineffective assistance of counsel are made, the question is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). First, the Petitioner must show that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. *Id.* at 687-88. Second, the Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

"The standards created by *Strickland* and § 2254(d) are both highly deferential . . . and when the two apply in tandem, review is doubly so." *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011). In applying § 2254(d), "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.*

### III. Discussion

Petitioner's first ground for relief is that he is entitled to appeal his guilty plea because plea counsel was ineffective for failing to discuss his guilty plea. (Dkt. No. 1 at 5). Petitioner did not raise any specific objections to the Magistrate Judge's conclusions regarding this ground for relief, namely that (1) there is no constitutional right to direct appeal, and (2) PCR court's rejection of the first grounds for relief involved neither an unreasonable application of clearly established federal law, nor a decision based on an unreasonable determination of the facts in

4

light of evidence presented. The Court finds that the Magistrate Judge ably and thoroughly summarized the factual and legal issues and adopts the Magistrate Judge's finding on this issue as its own.

Petitioner's second ground for relief is that the state of South Carolina lacked sufficient evidence to indict him on attempted murder. (Dkt. No. 1 at 7). His fourth ground for relief is that he was denied his rights to due process and equal protection for the "illegal sentence on the attempted murder indictment. (Dkt. No. 1 at 10). Petitioner again failed to raise any specific objections to the Magistrate Judge's findings. Because the Magistrate Judge ably and thoroughly summarized the factual and legal issues and appropriately found that (1) the challenge to the underlying attempted murder charge is moot because Petitioner was neither convicted of nor pleaded guilty to attempted murder, (2) Petitioner's guilty plea waived all non-jurisdictional claims except for ineffective assistance of counsel, and (3) Petitioner's plea counsel's actions were not in error, the Court adopts the Magistrate Judge's findings on this issue as its own.

Petitioner's third ground for relief is that plea counsel was "ineffective for negating to demonstrate elements of Petitioner's offense was burglary 2nd degree." (Dkt. No. 1 at 8). In other words, Petitioner argues that his plea counsel should have sought to reduce his charges of burglary first degree to burglary second degree. Because Petitioner failed to raise this argument in his state court proceedings, it is procedurally barred. *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997), *overruled on other grounds by United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011) (noting that a habeas petitioner must "fairly present his claims to the state's highest court."). Petitioner has failed to demonstrate cause or a fundamental miscarriage of justice that would allow this Court to overlook the procedural deficiencies. *See, e.g., Yeatts v. Angelone*,

5

166 F.3d 255, 260–61 (4th Cir. 1999). Accordingly, the Court now adopts the Magistrate Judge's findings as its own.

## IV. Conclusion

The Court **ADOPTS** the R & R (Dkt. No. 26), **GRANTS** Respondent's Motion for Summary Judgment (Dkt. No. 19), and **DISMISSES** the habeas petition.

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

March 7, 2016
Charleston, South Carolina